FILED
SUPERIOR COURT
OF GUAM

2025 MAY -9 PM 4:59

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TS INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MOBIL OIL GUAM INC.,<br><br>Defendant. | CIVIL CASE NO. CV0352-24<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Compel Discovery<br>and Disclosures and Motion for Sanctions* |

This matter came before the Honorable Arthur R. Barcinas on February 6, 2025 for a motion hearing on Defendant's Motion to Compel Discovery and Disclosures and Motion for Sanctions ("Motion"), filed by Defendant Mobil Oil Guam, Inc. ("Mobil") on December 20, 2024. Attorney Joseph Razzano was present for Plaintiff TS Investments, Inc. ("TSI"), and Attorney Jehan'ad G. Martinez was present for Mobil. The Motion is **GRANTED** for the reasons below.

## BACKGROUND

The underlying complaint in this case is an action for trespass, ejectment, and permanent injunction, predicated on an alleged trespass by Mobil onto TSI's property. On September 4, 2024, the parties filed a discovery plan and order setting the fact discovery deadline in this

matter for November 4, 2024. On the same date, the Court issued a scheduling order setting the discovery motion deadline for December 20, 2024.

On September 16, 2024, Mobil served initial disclosures on TSI, and on September 17, 2024, TSI served initial disclosures on Mobil. However, Mobil asserted that TSI did not provide an adequate computation of damages in its disclosures.

On October 22, 2024, Mobil sent a letter to TSI requesting that TSI amend or supplement the initial disclosures with the required damage computations. On the same date, Mobil served its first set of interrogatories and first requests for document production on TSI, to which TSI allegedly did not respond within the thirty-day deadline.

On December 3, 2024, TSI's counsel informed Mobil's counsel that he allegedly never received the discovery requests, but Mobil's counsel asserts that said discovery requests were stamped "received" by opposing counsel's office on October 22, 2024 at 3:54 p.m.

On December 4, 2024, Mobil's counsel sent the discovery requests to TSI's counsel again, but TSI's counsel had allegedly not responded as of the date of the Motion. On December 20, 2024, the discovery motion cut-off date, TSI's counsel allegedly still had not responded. On the same date, Mobil filed this Motion moving to compel discovery responses and disclosures, as well as a certification indicating Mobil's good faith attempt to meet and confer with TSI. On January 17, 2025, TSI filed its opposition. On January 31, 2025, Mobil filed its reply.

On February 6, 2025, the Court took the Motion under advisement.

## DISCUSSION

The issues before the Court are (1) whether TSI should be compelled to produce discovery responses pursuant to Guam Rule of Civil Procedure ("GRCP") 37(a); and (2) whether TSI should be sanctioned for failure to produce, pursuant to GRCP 37(a)(4)(A).

## I. <u>Legal Standard</u>

Under Guam law, except for cases that are exempt from initial disclosure under GRCP 26(a)(1)(E), "a party must, without awaiting a discovery request, provide to other parties ... a computation of any category of damages claimed by the disclosing party, making available for inspection and copy as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." GRCP 26(a)(1)(C). Such disclosure must be made either "at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order," or "within 30 days after being served or joined [after the Rule 26(f) conference]."

A party upon whom interrogatories have been served "shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." GRCP 33(b)(3). "The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any ... failure to answer an interrogatory." GRCP 33(b)(5).

A party upon whom a request for production of documents is served "shall serve a written response within 30 days after the service of the request." GRCP 34(b). "The party submitting the request may move for an order under Rule 37(a) with respect to any ... failure to respond to the request or any part thereof, or any failure to permit inspection as requested." *Id.*

Under GRCP 37(a), "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery." "If a party fails to make a disclosure required by GRCP 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good

faith conferred or attempted to confer with the party not making the disclosure." GRCP 37(a)(2)(A).

For the purposes of discovery, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." GRCP 37(a)(3).

If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the Court, after affording an opportunity to be heard, shall "require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." GRCP 37(a)(4)(A). The non-moving party is only exempt from such payment the Court finds that (1) the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action; (2) that the opposing party's nondisclosure, response, or objection was substantially justified; or (3) that other circumstances make an award of expenses unjust. *Id.*

## II. Analysis

Mobil requests that the Court compel TSI to comply with Mobil's discovery requests, on grounds that TSI failed to properly provide Mobil with sufficient responses to the interrogatories and discovery requests. Mobil asserts that it attempted to meet and confer with TSI to no avail, and that Mobil's attempts to serve discovery requests on TSI's counsel a second time went unanswered.

In opposition, TSI's counsel concedes that it did not timely provide a calculation of damages or answer Mobil's discovery requests, but blames its lack of compliance on an administrative oversight. TSI's counsel further asserts that the Motion to Compel is now moot

because it has complied with the discovery requests in the interim and because no prejudice allegedly accrued against Mobil as a result of TSI's failure to comply.

Mobil counters that the Motion is not moot because the answers are still allegedly incomplete and evasive, and because TSI or its counsel or both owe Mobil attorney's fees and expenses pursuant to GRCP 37(a)(4)(A). Mobil further asserts that none of the exceptions under GRCP 37(a)(4)(A) apply because Mobil filed a certification showing its good faith effort to meet and confer with TSI, and because TSI has not provided sufficient evidence that its nondisclosure was substantially justified or that other circumstances make an award of expenses unjust.

Upon review of the record and the arguments posed by the parties, the Court agrees that the sanctions requested by Mobil are warranted. While TSI's counsel's failure to respond in the first instance due to an administrative mix-up might be understandable, it does not excuse TSI's failure to respond to the second set of discovery requests in a timely manner, even if at least to acknowledge their receipt. Further, as shown in Mobil's reply, TSI's responses to Mobil's interrogatories remain incomplete, evasive, and in some cases, barely germane to the interrogatory. *See, e.g.* Interrogatory No. 18, in which Mobil asks TSI to provide a dollar amount for the benefit that Mobil obtained from its alleged encroachment on TSI's property, and TSI responds, "For the last 22 years, Defendant has enjoyed the use of Plaintiff's property to light its property and have use of the gas station's service box." Evasive or incomplete answers are to be treated as a failure to disclose, answer, or respond under 37(a)(3), and the Court thus finds that TSI or its counsel or both has failed to respond, warranting the Motion to Compel.

Moreover, even if the Court were to find that TSI sufficiently answered Mobil's discovery requests on the second try, Mobil is correct in arguing that TSI or its counsel or both should be responsible for the alleged oversight pursuant to GRCP 37(a)(4), given that TSI concedes that it did not provide discovery until after the Motion was filed. Mobil has met its burden of attempting to meet and confer with TSI, and TSI has shown little if any evidence that its nondisclosure was substantially justified or that its payment of attorney's fees and expenses in this matter would be unjust.

Accordingly, the Court **GRANTS** the Motion to Compel, and **ORDERS** TSI to provide complete answers to Mobil in accordance with their requests. Further, the Court will sanction TSI to pay the reasonable expenses and attorney's fees incurred in litigating this Motion pursuant to GRCP 37(a)(4)(A).

## CONCLUSION

For the foregoing reasons, the Motion to Compel is **GRANTED** and the Court **ORDERS** TSI to provide complete answers in accordance with Mobil's discovery requests and to pay the reasonable expenses and attorney's fees incurred in litigating the Motion to Compel.

**IT IS SO ORDERED** ___MAY 0 9 2025___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**